OPINION OF THE COURT
William R. Geiler, J.
Defendant, a dentist, was convicted by a jury, of four counts of sexual abuse in the third degree. Each count was based on similar acts done on separate days to separate complainants. Prior to trial, defendant moved for a separate trial on each count. The motion was denied on the ground that joinder for trial was permitted under CPL 200.20 (subd 2, par [c]). For the reasons set forth below, we agree.
CPL 200.20 (subd 2, par [c]) provides in part that two offenses are joinable when: “Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are *54 the same or similar in law”. Subdivision 3 of said section provides that where joinder is permitted under the provision set forth above, then “the court, in the interest of justice and for good cause shown, may, upon application of either a defendant or the People, in its discretion order that* any one of such offenses or groups of offenses be tried separately from the other or others, or that two or more thereof be tried together but separately from two or more others thereof.”
The most recent discussion of this section is found in People v Shapiro (50 NY2d 747) where the defendant was charged with 64 counts of sodomy in one indictment and the second and third indictments charged him with promoting sodomy. The court found that the joinder of the 64-count indictment with the single-count indictments was unduly prejudicial in that the former would tend to “invoke prejudicial misconceptions among jurors”; that the joinder would confuse the jury by erasing the differences between the crimes charged and that the joinder created a problem for the defendant regarding his willingness to take the stand. He had intended to testify as to the single-count indictments but the joinder forced him to take the stand on all of the charges and therefore this joinder was held to be prejudicial. Pursuant to the predecessor section of CPL 200.20 (Code Crim Pro, § 279) a conviction for two separate murders charged in a single indictment was sustained on the ground that a defendant may be tried for several similar crimes regardless of their gravity (People v Hetherington, 27 NY2d 242).
In the case at bar, defendant contended that joinder would compel him to explore the credibility of the four complaining witnesses, that the jury would be confused as to each element in each case and that they would be likely to consider all of the counts together so that the prejudicial impact would far outweigh the value of having the cases tried together.
Numerous cases have permitted far more serious crimes to be joined for trial (see People v Peterson, 42 AD2d 937, affd 35 NY2d 659; People v Freeman, 41 AD2d 811; People v Mitchell, 36 AD2d 690). The guidelines set forth in People v Shapiro (supra) (see, also, People v Dodge, 72 Misc 2d 345) *55 have not been violated. Defendant does not contend that he was denied the freedom to choose which offense, if any, he would have testified on. His contention appears to be that the mere joinder was prejudicial to him. That a sex crime is involved is not sufficient to require a severance. In Shapiro (supra), while it was held to be error to join a 64-count indictment with single ones, no comment was made by the court about the joinder of the 64 counts in the one indictment. Moreover, the fact that a sex crime is involved is not a sufficient basis for the granting of a severance (see People v Gonzague, 25 NY2d 867; People v Luciano, 277 NY 348; People v Billups, 33 AD2d 1104). We distinguish People v Jackson (77 AD2d 630) on the ground that infant complainants were involved so that the potential for prejudice would be greater. In any event, the test is not whether Jackson was correctly determined, but whether the court herein correctly exercised its discretion. (People v Jenkins, 50 NY2d 981.)
It cannot be said as a matter of law that the trial court erred in permitting the joinder herein. The proof, the setting for the charges, the witnesses for both sides, would substantially all be the same and each trial would be repetitious of the one before it. The trial court properly and carefully advised the jury that each count, involving different complainants, was to be considered separately and that the proof introduced on only one count should not be applied to the others. An allegation of “possible” prejudice is not sufficient to justify severance of the four counts since such a contention would emasculate and negate the plain meaning of CPL 200.20 (subd 2, par [c]). In view of defendant’s failure to demonstrate a sufficient showing of good cause, the motion to sever was properly denied.
We note that the trial court properly denied the attempt at joinder under the theory advanced in People v Molineux (168 NY 264, 300) or its codification in CPL 200.20 (subd 2, par [b]). In all cases where proof by the People of prior criminal conduct was permitted on the People’s direct case (People v Santarelli, 49 NY2d 241; People v Jackson, 39 NY2d 64; People v Mann, 31 NY2d 253; see, also, People v Biondo, 41 NY2d 483) there was some indication, prior to trial that defendant was going to raise one of the issues *56 mentioned in Molineux or the cases mentioned above. In the case at bar, counsel for the defendant never “tipped” his hand about the defense being raised other than to deny defendant’s guilt. Since contentions of accident, mistake or hallucination were not raised prior to trial, the People could not have joined the four counts for a Molineux-type purpose.
We find no merit to the other contentions raised by the defendant as to the denial of a fair trial. In any trial, especially one as lengthy as this, defendant is entitled to a fair trial, not a perfect one (People v Arce, 42 NY2d 179, 187; People v Rivera, 39 NY2d 519, 523). Most of the comments complained of were isolated, objections properly sustained and the jury correctly instructed. For most of them, defendant’s experienced trial counsel never moved for a mistrial. In the absence of cumulative, persistent, excessive errors, we fail to find a denial of a fair trial to the defendant. We find that no corroboration was required for the charges herein.
However, we are of the opinion that due to the impact of the charges on defendant’s family and the suspension of defendant’s license to practice his profession, the jail sentence be modified as set out below.
Judgments of conviction modified as a matter of discretion in the interest of justice by reducing the jail term imposed to consecutive intermittent terms of 60 days and 45 days to be served on each weekend from 8:00 p.m. Friday until 6:00 p.m. Sunday. As so modified, judgments of conviction affirmed and matter remanded to the court below for a determination of the first and last dates on which defendant is to be incarcerated.
Concur: Farley, P. J., and O’Gorman, J.