■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CHANDLER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 5, 1984, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On appeal, the defendant contends, *inter alia,* that certain remarks made by the prosecutor during summation improperly invited the jury to consider the defendant's failure to take the stand and, thus, constituted reversible error.

While comments regarding a defendant's failure to take the stand "have long been proscribed by decisional law in this State" (see, People v Abdul-Malik, 61 AD2d 657, 663), the immediate curative instruction given by the trial court in response to defense counsel's objection was sufficient to dispel any prejudice created thereby (see, People v Cuevas, 99 AD2d 553).

Moreover, the trial court, in its charge to the jury, fully elaborated on the prohibition against drawing inferences from a defendant's failure to testify. No objection was taken to those instructions. Accordingly, the instruction given by the court "must be deemed to have cured the error to defendant's satisfaction" (see, People v Jalah, 107 AD2d 762-763) and such instruction insured that the rights of the defendant were adequately safeguarded.

We have considered the defendant's remaining contentions and find them to be either unpreserved or devoid of merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.