■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMILIANO AMPARO, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered March 13, 1985, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Balbach, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements made by him to the police.

Judgment affirmed.

The defendant contends that certain statements made by him to the police and physical evidence should have been suppressed, finding fault with the hearing court's decision to credit the testimony of the People's witnesses over that of defendant's. It is axiomatic, however, that "much weight" must be accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761), and the court's determination should not be disturbed where it is supported by the record *(People v Boyce,* 89 AD2d 623, 624; *People v Duncan,* 75 AD2d 823, 824). At bar, the suppression court specifically found that the defendant, after having been given his rights, knowingly and intelligently waived them. There is nothing in the record which suggests that the court's conclusion was erroneous.

We have reviewed the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.