◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GLOVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered December 18, 1985, convicting him of robbery in the first degree and attempted escape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On November 1, 1983, at approximately midnight, the complainant was accosted in front of 600 Gates Avenue, Brooklyn, New York, by the defendant and two other men, one of whom carried a gun. The three perpetrators took $20 and a $150 sheepskin jacket from the complainant. The complainant identified the defendant from a photographic array and indicated he was familiar with the defendant as someone he knew from the neighborhood. Following a lineup on November 11, 1983, wherein the complainant identified him, the defendant was · arrested for robbery. He then attempted to escape from the precinct but was subdued before he was able to reach the street. He was charged with robbery in the first degree (two counts), robbery in the second degree, attempted escape in the first degree, resisting arrest, criminal use of a firearm in the first degree and assault in the second degree.

The trial court properly denied that branch of the defendant's omnibus motion which was for suppression of identification testimony *(see, People v Amparo,* 122 AD2d 797, *lv denied* 68 NY2d 912). Further, the trial court properly denied the defendant's motion for severance of the attempted escape charge from the robbery charges since evidence of the attempted escape was relevant and material on the issue of the defendant's consciousness of guilt as to the robbery and evidence of the robbery was material and admissible to establish an element of attempted escape. Moreover, as the defendant failed to make a showing that severance was warranted in the interest of justice, denial of the motion was proper *(see,* CPL 200.20 [2] [b]; *People v Lane,* 56 NY2d 1; *People v Mack,* 111 AD2d 186, *lv denied* 66 NY2d 616). With respect to the court's ruling that the prosecution would be permitted to inquire as to the facts underlying the defendant's two prior youthful offender adjudications for the purpose of impeaching his credibility, that inquiry was proper as long as no mention was made as to the ultimate disposition of the cases *(see, People v Greer,* 42 NY2d 170; *People v Cook,* 37 NY2d 591).

It is well established that issues of credibility are primarily for the triers of fact *(People v Bauer,* 113 AD2d 543, *lv denied* 67 NY2d 648, 880; *People v Talley,* 111 AD2d 885, *lv denied* 66 NY2d 768). Despite minor inconsistencies in the testimony of some of the prosecution witnesses, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Although the defendant's remaining contentions have not been preserved for review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Baldo,* 107 AD2d 751), we note that any improper prosecutorial remarks were immediately remedied by the courts curative instructions *(see, People v Gibbs,* 59 NY2d 930; *People v Santiago,* 52 NY2d 865; *People v Chandler,* 119 AD2d 764, *lv denied* 68 NY2d 666). Further, as a proper foundation had been laid, it was not error for the prosecutor to have cross-examined the defendant's mother regarding her failure to come forward immediately with her alibi testimony *(see, People v Dawson,* 50 NY2d 311).

In light of the defendant's background, the sentence was appropriate *(see, People v Suitte,* 90 AD2d 80). Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.