THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. TELFORD, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered February 26, 1987, convicting him of sodomy in the first degree (three counts), sexual abuse in the first degree (three counts), attempted rape in the first degree and rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under Suffolk County indictment number 637/86, nine charges were asserted against the defendant arising from an April 20, 1986 incident involving one victim. Count 10 charged the defendant with sexual abuse in the first degree arising from a separate incident which occurred on February 9, 1986, involving a different victim.

The defendant's chief contention on this appeal is that the court abused its discretion in denying his repeated motions at several points during the prosecution of the case to sever count 10 from the other counts in the indictment and conduct a separate trial of that charge which arose from a separate incident. Apparently, the offenses were consolidated under one indictment in this case under CPL 200.20 (2) (c), which permits the joinder of offenses for trial purposes when "such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law". The defendant sought a discretionary severance under CPL 200.20 (3), which permits the court to grant such application "in the interest of justice and for good cause shown".

We find no basis to conclude that the trial court abused its discretion in denying the defendant's motion for a severance *(see, People v Lane,* 56 NY2d 1; *People v Napolitano,* 106 AD2d 304, *affd* 66 NY2d 852; *cf., People v Shapiro,* 50 NY2d 747). The defendant failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of these cases, and to demonstrate in concrete terms that he had a strong need to refrain from testifying concerning the charges arising from one incident, and important testimony to present concerning the second incident. We note that the court repeatedly instructed the jury to consider the evidence presented as to the April 20, 1986, incident separately from

the evidence presented as to the February 9, 1986 incident. Also, the fact that sex crimes are involved in both incidents does not provide a sufficient basis to require a severance or apply a different standard of review in considering the trial court's ruling on this matter (see, *People v Cohen,* 109 Misc 2d 53, 54-55).

We also find no basis to disturb the sentence imposed particularly in view of the violent nature of the crimes committed by the defendant. Contrary to the defendant's assertions, the consecutive sentences were properly imposed for separate criminal acts which constituted separate and distinct offenses (see, Penal Law § 70.25 [2]). Although the charges under counts one through nine arose from one incident involving a continuous course of activity, the evidence presented by the People demonstrated that the defendant engaged in separate sexual acts constituting distinct offenses justifying making the sentences imposed for sodomy in the first degree consecutive to the sentences imposed for rape in the first degree and attempted rape in the first degree (see, *People v Brown,* 66 AD2d 223). Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.