■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GOMEZGIL, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Uviller, J.), both rendered November 20, 1984, convicting him of attempted murder in the second degree (two counts), attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree under indictment No. 2672/84, and assault in the third degree under indictment No. 3019/84, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

On April 12, 1984, the defendant fired 4 to 5 shots at George Smith who had come to visit the defendant's fiancée, Linda Smith. When the defendant attempted to shoot his fiancée, the gun failed to discharge. The defendant was indicted, *inter alia,* for attempted murder in the second degree (two counts), and attempted assault in the first degree (two counts). On May 5, 1984, the defendant approached Miss Smith, struck her with a gun, and threatened to kill her because she had reported the April 12, 1984, incidents to the police. For that act, the defendant was indicted, *inter alia,* for tampering with a witness in the second degree and assault in the second degree (two counts). Following a hearing, the two indictments were jointly tried, the court relying on CPL 200.20 (2) (b).

At the trial, the defendant was positively identified by his fiancée but George Smith was unable to identify him. Testimony was elicited from the arresting officer that the defendant's then present appearance was "completely different" from his appearance at the time of his arrest on April 26, 1984. The jury found the defendant guilty on 6 of the 8 counts submitted to it. Five sentences imposed by the trial court were

to be served concurrently while the sentence on one count of attempted assault in the first degree was ordered to run consecutively thereto.

The defendant's argument that the trial of the two indictments was improper because it was "conceivable" that he might have testified with respect to one indictment had there not been a joinder was not preserved for appellate review *(see,* CPL 470.05 [2])*. We note, however, that consolidation was proper since proof of the tampering would have been admissible upon a separate trial for the attempted murder and assault as would proof of the attempted murder and assault in a separate trial for the tampering *(see,* CPL 200.20 [2] [b])*. The defendant's vague assertions were insufficient to satisfy the statutory requirement that he make a "convincing showing" that he has a "genuine need to refrain from testifying" with respect to one of the indictments *(see,* CPL 200.20 [3] [b]; *People v Lane,* 56 NY2d 1; *People v Simpkins,* 110 AD2d 790, *lv denied* 66 NY2d 618).

Viewing the evidence in the light most favorable to the People, we find that the eyewitness testimony of the defendant's fiancée, coupled with the corroborating statements of the police officers, was legally sufficient to sustain the jury's verdict.

It is within the province of the jury to resolve questions of credibility including the accuracy of an eyewitness identification *(see, People v May,* 122 AD2d 168; *lv denied* 68 NY2d 1002; *People v Gavins,* 118 AD2d 582, *lv denied* 67 NY2d 1052). The fact that George Smith was unable to identify the defendant is insufficient to upset the jury's verdict which was otherwise amply supported by the evidence adduced at the trial. Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and the verdict was not against the weight of the evidence *(see* CPL 470.15 [5]).

The trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3) based solely upon an affidavit by George Smith prepared after the trial which stated that the defendant was not his assailant. To succeed under CPL 330.30, a defendant must show, by a fair preponderance of the evidence, that the newly discovered evidence would probably have resulted in a contrary verdict. Here, Linda Smith's eyewitness testimony provided strong evidence that the defendant was the perpetrator. Despite the defendant's ample opportunity to do so during the extensive

cross-examination of George Smith, he did not negate her in-court identification of the defendant. We find that it is not "probable" that a different result would have been reached had this affidavit been submitted earlier. As the defendant failed to satisfy his burden in establishing that this affidavit constituted newly discovered evidence warranting a new trial, the trial court did not err in denying the defendant's motion for a new trial *(see,* CPL 330.30 [3]; *People v Rivera,* 108 AD2d 829; *People v Balan,* 107 AD2d 811).

The defendant's contentions that prejudicial and inflammatory statements were made by the prosecutor during the course of his summation are unpreserved for appellate review and, in any event, any improprieties by the prosecutor were promptly cured by the trial court *(see, People v Santiago,* 52 NY2d 865; *People v Nuccie,* 57 NY2d 818; *People v Chandler,* 119 AD2d 764, *lv denied* 68 NY2d 666).

In light of the serious nature of the crimes charged and the defendant's history of arrests, we decline to disturb the sentence imposed. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.