■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JENKINS, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Rosato, J.), both rendered April 26, 1985, convicting him of rape in the first degree, sexual abuse in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the third degree under indictment No. 84-00087-01, upon a jury verdict, and bribing a witness and tampering with a witness in the third degree under indictment No. 84-00651-01, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

Some months after being indicted, *inter alia,* for rape in the first degree under indictment No. 84-00087-01 the defendant made a number of telephone calls—some of which were recorded by the victim at the behest of the police—in which the defendant offered the victim money to drop the charges and threatened to kill her if she did not accept his offer of

payment. The telephone conversations formed the basis of indictment No. 84-00651-01, charging the defendant with bribing a witness and tampering with a witness in the third degree. Upon the People's motion pursuant to CPL 200.20 (2) (b), the two indictments were consolidated.

On appeal, the defendant contends that the court erred in denying his subsequent motion to sever the indictments. We disagree.

We note initially that the consolidation of the indictments was proper inasmuch as the proof of tampering and bribery would have been admissible upon a separate trial for rape as would proof of the rape be admissible at a separate trial for tampering and bribery *(see,* CPL 200.20 [2] [b]; *People v Gomezgil,* 135 AD2d 561, 562, *lv denied* 70 NY2d 1006; *cf., People v Bongarzone,* 116 AD2d 164, 171-172, *affd* 69 NY2d 892). Moreover, the defendant's conclusory assertions in support of his motion to sever were insufficient to satisfy the statutory requirement that he make a "convincing showing" that he has a "genuine need to refrain from testifying" with respect to one of the indictments (CPL 200.20 [3] [b]; *People v Lane,* 56 NY2d 1; *People v Gomezgil, supra).*

Finally, the record reveals that the court properly admitted portions of the tape-recorded conversations regarding the bribery and tampering charges *(see, People v Ferrara,* 54 NY2d 498, 508; *People v Clark,* 41 NY2d 612, *cert denied* 434 US 864; *People v Kaye,* 25 NY2d 139, 144; *People v Torres,* 21 NY2d 49) and properly permitted the prosecutor to impeach the defendant's trial testimony with portions of the conversations which had been suppressed *(see, People v Harris,* 25 NY2d 175, *affd* 401 US 222; *see also, People v Maerling,* 64 NY2d 134, 140-141; *People v Wendel,* 123 AD2d 410, *lv denied* 69 NY2d 835).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.