■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL K. MONKO, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Tisch, J.), both rendered May 7, 1987, convicting him of rape in the first degree (two counts) under indictment No. 1602/85, and bur-

glary in the second degree and forgery in the second degree under indictment No. 1603/85, upon jury verdicts after a joint trial of the two indictments, and imposing sentences.

Ordered that the judgments are affirmed.

On the morning of September 21, 1985, the defendant forcibly raped the complainant twice. He thereafter learned that he was the subject of a police investigation and shaved off his moustache. On September 28, 1985, the defendant, who asserted that he was en route to the complainant's home to inform her parents that he had not raped their daughter, entered a garage of a residence in Lake Grove and attempted to remove a bicycle. The defendant was arrested for burglary and informed the police that his name was Daniel Crawford.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree (two counts) beyond a reasonable doubt. The complainant testified that on the morning of September 21, 1985, the defendant asked her if she needed a ride, grabbed her by the neck, hit her with a thick piece of plywood and dragged her across a highway. The defendant told her that he was "going to teach [her] a lesson for walking around the streets at night". He then dragged her into a wooded area, where he raped her twice.

The defendant contends that the complainant's testimony was inconsistent and fabricated. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's assertion that CPL 60.42 deprived him of his right to confront the complainant because he invoked the defense of consent is without merit *(see, People v Conyers,* 86 Misc 2d 754, *affd* 63 AD2d 634). Additionally, under the circumstances, the defendant's assertion that he was deprived of his absolute right to cross-examine the complainant is unfounded. The right to cross-examine witnesses may be curtailed to some extent in the discretion of the court *(see, People v Crawford,* 143 AD2d 141, 142-143). CPL 60.42 (5)

provides that a defendant charged with rape may inquire into the past sexual conduct of the complainant where he makes an offer of proof outside the hearing of the jury or after such a hearing as the court may require. Since the defendant did not make an offer of proof concerning the complainant's past sexual conduct, the defendant's contention that he was deprived of the opportunity to confront the complainant with evidence of such conduct at the trial is without merit.

The defendant's contention that the court erred in directing a joint trial of indictment Number 1602/85 and indictment Number 1603/85 is without merit. That ruling was proper inasmuch as the proof of the forgery in the second degree charged in indictment Number 1603/85 would have been admissible at a separate trial for rape to demonstrate consciousness of guilt (see, CPL 200.20 [2] [b]; *People v Jenkins,* 146 AD2d 804; *People v Gomezgil,* 135 AD2d 561). Moreover, the defendant's conclusory assertions in support of his contention that there should not have been a joint trial were insufficient to satisfy the statutory requirement that he make a " 'convincing showing' " that he had a " 'strong need to refrain from testifying' " with respect to one of the indictments *(People v Lane,* 56 NY2d 1, 8, quoting from *Baker v United States,* 401 F2d 958, 977, *cert denied* 400 US 965).

The defendant's assertion that the court improvidently exercised its discretion in rendering its *Sandoval* ruling is without merit *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval,* 34 NY2d 371). Here, the court balanced the probative worth of the defendant's convictions against their potential prejudice. The mere fact that the defendant's prior convictions for larceny, burglary, and possession of stolen property involved conduct similar to the crime for which the defendant was on trial did not preclude evidence of these crimes from being introduced on cross-examination *(see, People v Winfield,* 145 AD2d 449, 450). The fact that some of the convictions were approximately 10 years old did not, by itself, mandate preclusion of cross-examination with regard to them *(see, People v Salcedo,* 133 AD2d 129). The court did not improvidently exercise its discretion in allowing the People to inquire about eight of the defendant's prior criminal acts *(see, People v Bowles,* 132 AD2d 465).

The defendant's sentence was not excessive.

We have considered the defendant's remaining contentions including those raised in his supplemental *pro se* brief and correspondence, and find them to be without merit. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.