■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PATTERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered October 5, 1988, convicting him of sodomy in the third degree (two counts), attempted sodomy in the third degree, and endangering the welfare of an incompetent person (three counts), upon a jury verdict, and imposing sentence.

Ordered that judgment is affirmed.

Viewing the evidence in the light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. While the defendant was a personal care aide at an adult home, he twice sodomized and once attempted to sodomize a resident of the home. Additionally, a psychiatrist testified that the victim was incapable of understanding the nature of sexual conduct since he had been diagnosed as having a moderate retardation, organic brain syndrome, and psychosis, and possessed an I.Q. capacity between 35 to 49, which is equivalent to the mental capacity of about a five year old *(see, People v Easley,* 42 NY2d 50; *People v Dixon,* 66 AD2d 971). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We agree with the defendant that the trial court erred in striking a defense witness's entire testimony when the witness asserted the privilege against self-incrimination during cross-examination concerning his tax returns. Since the issue of the witness's tax returns dealt with a collateral matter involving his general credibility, and had not been the subject of direct examination, his entire testimony should not have been stricken *(see generally, People v Chin,* 67 NY2d 22, 28). Nevertheless, the error was harmless beyond a reasonable doubt. In addition to the overwhelming evidence of the defendant's guilt, the stricken testimony was not inconsistent with any testimony presented by the prosecutor, and clearly would not have changed the outcome.

Finally, we find that the trial court could legally impose consecutive sentences on the two sodomy convictions *(see,* Penal Law § 70.25). The record reveals that the defendant engaged in separate sexual acts constituting distinct offenses *(see, People v Scattareggia,* 152 AD2d 679, 681; *People v Telford,* 134 AD2d 632, 633). Moreover, the sentences were neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.