■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 7, 1987, convicting him of rape in the first

degree (three counts) and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case arose from an incident on July 24, 1986, in which the defendant raped a female complainant and an incident on August 2, 1986, in which the defendant raped and sodomized a second female complainant. In connection with the incidents, the defendant was charged, under a single indictment, with, *inter alia,* rape, sodomy, sexual abuse, and robbery.

The trial court did not improvidently exercise its discretion in denying the defendant's motion to sever the counts of the indictment and for separate trials on the respective incidents. The defendant failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of these cases, and failed to demonstrate in concrete terms that he had a strong need to refrain from testifying concerning the charges arising from one incident, and important testimony to present concerning the second incident *(see,* CPL 200.20 [3] [b]; *People v Lane,* 56 NY2d 1; *People v Hall,* 169 AD2d 778; *People v Jenkins,* 146 AD2d 804). Contrary to the defendant's contention, that both incidents involved sex crimes does not provide a sufficient basis to require a severance *(see, People v Telford,* 134 AD2d 632, 633). We also note that the court instructed the jury to consider the evidence presented as to the July 24, 1986, incident separately from the evidence presented as to the August 2, 1986, incident, and we may presume the instruction was followed *(see, People v Nelson,* 133 AD2d 470, 471; *People v Mack,* 111 AD2d 186, 188).

The defendant contends that the jury verdict finding him guilty of the rape and sodomy charges was against the weight of the evidence. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also claims error in the People's summation. However, the claimed errors in the prosecutor's remarks in summation were, for the most part, unpreserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Medina,* 53

NY2d 951). In any event, all of the remarks were permissible responses to the summation of the defense counsel in which the credibility of the complainants was impugned, or did not exceed the bounds of permissible rhetorical comment *(see, People v Guthrie,* 157 AD2d 668; *People v Thomas,* 147 AD2d 510).

We find that the trial court could legally impose consecutive terms of imprisonment with respect to the two rape convictions arising out of two separate incidents *(see,* Penal Law § 70.25). Furthermore, even though the charges under counts 6 through 13 arose from one incident involving a continuous course of activity, the evidence presented by the People demonstrated that the defendant engaged in separate sexual acts constituting distinct offenses justifying making the terms of imprisonment imposed for sodomy in the first degree consecutive to the terms of imprisonment imposed for rape in the first degree *(see, People v Thomas,* 166 AD2d 624; *People v Patterson,* 165 AD2d 886; *People v Telford,* 134 AD2d 632, *supra).* Moreover, the sentences were neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.