■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PABLO SANTOS, Respondent. [648 NYS2d 660] —Appeal by the People from an order of the Supreme Court, Kings County (Lipp, J.), dated November 13, 1995, which granted the defendant's motion pursuant to CPL 440.10 to vacate the defendant's judgment of conviction under Indictment No. 812/79.

Ordered that the order is reversed, on the law, the motion is denied, and the judgment of conviction under Indictment No. 812/79 is reinstated.

The Supreme Court erred in vacating the defendant's judgment of conviction based on the People's failure to disclose the criminal record of their key witness. The witness's criminal history included a 1978 conviction for disorderly conduct and a 1963 conviction for an unknown misdemeanor, both of which apparently resulted from arrests for gambling. Testimony regarding the witness's regular participation in illegal gambling activity and his unlawful possession of a loaded weapon was elicited during cross-examination at the defendant's trial. Under the circumstances, there is no reasonable possibility that the failure to disclose the witness's criminal record contributed to the verdict (*see, People v Vilardi,* 76 NY2d 67, 77). Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TELFORD, Appellant. [648 NYS2d 342] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 30, 1987 (*People v Telford,* 134 AD2d 632), affirming a judgment of the County Court, Suffolk County, rendered February 26, 1987.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Bracken, Rosenblatt and Thompson, JJ., concur.