■ The People of the State of New York, Respondent, v Jose Checo, Appellant. [652 NYS2d 515] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about September 14, 1995, which denied defendant's motion pursuant to CPL 440.10, seeking to vacate a judgment of conviction, same court and Justice, rendered August 15, 1989, unanimously affirmed.

Defendant was not deprived of meaningful representation by trial counsel's failure to request a Sandoval hearing with respect to defendant's 1988 Federal conviction concerning stolen checks. Counsel had a strategic reason, albeit unsuccessful, for forgoing a Sandoval application. Counsel's tactically sound decision to forgo calling a detective to the stand for the purpose of eliciting a prior inconsistent statement, and to forgo making a meritless suppression motion, likewise do not evince ineffective assistance of counsel (see, People v Baldi, 54 NY2d 137). Moreover, defendant's claims that the jury would have acquit-

ted him of murder in the second degree and convicted him, instead, of manslaughter, given his asserted affirmative defense of extreme emotional distress, had counsel called seven unnamed lay witnesses as well as a marriage counselor is entirely speculative (*People v Skinner*, 224 AD2d 916). Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.