■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ADAMS, Appellant. [696 NYS2d 904] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Chetta, J.), rendered August 13, 1998, revoking a sentence of probation previously imposed by the same court (Roman, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

Contrary to the defendant's contention, the court's determination that he had violated the terms of his probation was supported by a preponderance of the evidence adduced at the violation of parole hearing in accordance with the standard set forth in CPL 410.70 (3) (*see generally, People v Crandall,* 51 AD2d 841, 842). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND ALFORD, Appellant. [696 NYS2d 904] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 16, 1996, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not improvidently exercise its discretion when it granted the People's request that the defendant display his gold tooth to the jury. Both the complaining witness and another witness testified that the defendant had a gold tooth at the time of the attack (*see, People v Caffee,* 247 AD2d 401).

Contrary to the defendant's contention, the imposition of consecutive sentences was not illegal (*see, People v Rivera,* 186 AD2d 594; *People v Telford,* 134 AD2d 632).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.