■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HAGGINS, Appellant. [718 NYS2d 597] —Appeal by the defendant from two judgments of the County Court, Rockland

County (Kelly, J.), both rendered October 8, 1997, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree (three counts) under Indictment No. 96-00418, and bribing a witness (two counts) under Indictment No. 97-00267, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was indicted, *inter alia*, for attempted murder in the second degree for participating in an attack on two men. Shortly before his trial, while out on bail, the defendant offered the complainants money in exchange for testifying falsely that he and his accomplices were not involved in the incident. One complainant accepted a partial payment from the defendant, and then contacted the office of the District Attorney. At his subsequent meeting with the defendant, that complainant wore an electronic transmitter. A detective recorded the defendant saying that he had deposited more money in that complainant's account. The defendant was then rearrested and charged with bribing a witness.

The defendant's post-indictment statements, which gave rise to the bribery charges, were not obtained in violation of his right to counsel (*see, People v Bell,* 73 NY2d 153; *People v Middleton,* 54 NY2d 474; *cf., Massiah v United States,* 377 US 201; *Beatty v United States,* 389 US 45). The statements were properly admitted at the consolidated trial (*see,* CPL 200.20 [2] [b]; *People v Jenkins,* 146 AD2d 804; *People v Gomezgil,* 135 AD2d 561). In any event, in light of the overwhelming evidence of the defendant's guilt, any error was harmless beyond a reasonable doubt (*see, People v Crimmins,* 36 NY2d 230). Nor was defense counsel ineffective for failing to move to suppress the statements (*see, People v Rivera,* 71 NY2d 705; *People v Trent,* 193 AD2d 637; *People v Checo,* 235 AD2d 242).

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.