The People of the State of New York, Respondent, v Charles Wynn, Appellant. [827 NYS2d 35]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered March 30, 2004, convicting defendant, after a jury trial, of sodomy in the first degree, burglary in the first degree, attempted rape in the first degree, sexual abuse in the first degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 35 years, unanimously affirmed.

Defendant did not preserve his challenge to the sufficiency of the evidence supporting his attempted rape conviction, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. We also reject his claim regarding the weight of the evidence supporting that conviction. The evidence warrants the conclusion that, in addition to committing the crime of sodomy, defendant intended to engage in sexual intercourse with the victim, and came dangerously close to doing so (*see People v Pereau*, 64 NY2d 1055 [1985]).

The court properly discharged a sworn juror during jury selection. To the extent that defendant is arguing that the court conducted an inadequate inquiry or employed the wrong standard, those claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's inquiry was sufficient, and that it established the juror was unavailable to serve as well as grossly unqualified, due to her discovery that continued service would have caused her devastating hardship rather than mere inconvenience (*see People v Vargas*, 260 AD2d 258 [1999], *lv denied* 94 NY2d 830 [1999]). Defendant's argument regarding another sworn juror is unpreserved and without merit.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). In providing race-neutral explanations, the prosecutor stated his beliefs that college-educated jurors would be better qualified to understand the DNA evidence to be presented, and that a particular panelist was biased against the District Attorney's Office as the result of a prior case. The issue is not whether the prosecutor was correct in these beliefs, but whether the court properly credited the prosecutor's assertion that these race-neutral factors were not pretexts for discrimination. There is no basis for disturbing the court's determinations. Furthermore, there was no disparate treatment by the prosecutor of similarly situated panelists.

The court properly imposed consecutive sentences for the sodomy and attempted rape convictions because the offenses were separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Lloyd*, 23 AD3d 296 [2005], *lv denied* 6 NY3d 755 [2005]). We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Sullivan, Nardelli, Sweeny and Malone, JJ.