■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITO RODRIGUEZ, Appellant. [853 NYS2d 351]—

The court properly denied defendant's motion to suppress identification testimony. The hearing court properly exercised its discretion (*see People v Chipp*, 75 NY2d 327, 337 [1990], *cert denied* 498 US 833 [1990]) in refusing to permit defendant to call as a witness a police sketch artist who had worked with the victim to create a wanted poster. "[T]he purpose and function of the *Wade* hearing is to determine whether a police-arranged pretrial identification procedure such as a lineup, was unduly suggestive" (*id.*). The creation of the sketch itself was not an identification procedure (*People v Pagan*, 248 AD2d 325 [1998], *affd* 93 NY2d 891 [1999]). There is no indication that the sketch was created on the basis of anything other than information supplied by the victim, or any reason to believe the process of creating a sketch impaired the fairness of the subsequent lineup. We find nothing in *People v Maldonado* (97 NY2d 522 [2002]), a case dealing with the hearsay implications of admitting a sketch at trial, that supports defendant's present position. The photographs of the lineup show that the characteristics of the participants were reasonably similar, and any differences were not sufficient to create a substantial likelihood that defendant would be singled out for identification (*see Chipp*, 75 NY2d at 336; *People v Holmes*, 291 AD2d 247 [2002], *lv denied* 98 NY2d 676 [2002]); defendant's assertion that he was the only participant who fit the victim's description is without merit. We have considered and rejected defendant's remaining arguments concerning the suppression hearing and the court's determination.

None of the evidence relating to DNA violated defendant's right to confront the witnesses against him (*see People v Rawlins*, 10 NY3d 136 [2008]).

By failing to object, by making general objections, and by failing to request further relief after an objection was sustained, defendant did not preserve his present challenges to the People's summation and we decline to review them in the interest of

justice. As an alternative holding, we also reject them on the merits (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

The court properly imposed consecutive sentences for the five sexual offenses because they were "separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident" (*People v Wynn*, 35 AD3d 283, 284 [2006], *lv denied* 8 NY3d 928 [2007]). Each of the sex crimes was a separate "act" within the meaning of Penal Law § 15.00 (1) and § 70.25 (2), and nothing in the Penal Law requires any type of interval or interruption in a continuous attack in order for the individual acts to qualify as separate for sentencing purposes (*see e.g. People v Brathwaite*, 63 NY2d 839, 843 [1984] [two victims killed by separate shots fired in single incident]). Concur—Tom, J.P., Friedman, Nardelli, Catterson and Moskowitz, JJ.