The People of the State of New York, Respondent, v Kevin Houston, Appellant. [902 NYS2d 583]—Appeal by the defendant from a judgment of the County Court, Nassau County (Ayres, J.), rendered June 14, 2007, convicting him of rape in the third degree and criminal sexual act in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, in the course of his employment as a satellite

technician, was granted entry to the complainant's home to fix the television reception. In the complainant's bedroom, the defendant engaged in oral sexual conduct on the complainant and then engaged in sexual intercourse with the complainant. Although the defendant testified that the sexual acts were consensual and did not involve force, the complainant testified that sexual acts were without her consent and involved force. Upon a jury verdict, the defendant was acquitted of rape in the first degree and criminal sexual act in the first degree. He was convicted of rape in the third degree and criminal sexual act in the third degree. The County Court imposed consecutive terms of imprisonment thereon. We affirm.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, under the circumstances of this case, we decline to "assume the basis for any implied inconsistencies in mixed jury verdicts" (*People v Rayam*, 94 NY2d 557, 563 [2000]; *see People v Martinez*, 63 AD3d 859 [2009]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court properly imposed consecutive sentences of imprisonment (*see People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Rosas*, 8 NY3d 493 [2007]; Penal Law § 70.25 [2]; *see also People v Rodriguez*, 49 AD3d 433 [2008]; *People v Alford*, 266 AD2d 225 [1999]; *People v Rivera*, 186 AD2d 594 [1992]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit (*see People v Davis*, 58 NY2d 1102, 1104 [1983]). Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.