■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUVEUR PIERRE, Appellant. [2 NYS3d 804]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered June 29, 2011, convicting him of sexual abuse in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion to sever the charges pertaining to the two complaining witnesses, as the defendant failed to show "in the interest of justice and for good cause" that the charges should be tried separately (CPL 200.20 [3]). The fact that both incidents involved sexual offenses does not provide a sufficient basis to require severance (*see People v Cox*, 298 AD2d 461 [2002]; *People v Rivera*, 186 AD2d 594, 595 [1992]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, under the circumstances of this case, we decline to "assume the basis for any implied inconsistencies in mixed jury verdicts" (*People v Rayam*, 94 NY2d 557, 563 [2000]; *see People v Houston*, 73 AD3d 1081, 1082 [2010]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to establish that he was deprived of the effective assistance of counsel under either the United States

Constitution or the New York Constitution (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The defendant's contention that certain comments the prosecutor made during her opening statement and in summation deprived him of a fair trial is unpreserved for appellate review and, in any event, without merit (*see People v Marcus*, 112 AD3d 652, 653 [2013]; *People v Rogers*, 92 AD3d 903, 904 [2012]).

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.