Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered May 5, 2015, convicting him of rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree (two counts), rape in the third degree, criminal sexual act in the third degree, and forcible touching, upon a jury verdict, and sentencing him to determinate terms of imprisonment of 25 years plus 20 years of postrelease supervision on the conviction of rape in the first degree, 25 years plus 20 years of postrelease supervision on the conviction of criminal sexual act in the first degree, 7 years plus 10 years of postrelease supervision on each conviction of sexual abuse in the first degree, 4 years plus 10 years of post-release supervision on the conviction of rape in the third degree, and 4 years plus 10 years of postrelease supervision on the conviction of criminal sexual act in the third degree, and a definite term of imprisonment of 1 year on the conviction of forcible touching, with the sentences on the convictions of rape in the first degree, criminal sexual act in the first degree, and one count of sexual abuse in the first degree to run consecutively to each other, and the remaining sentences to run concurrently.
 

 Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentence on the conviction of criminal sexual act in the first degree shall run concurrently with the other sentences; as so modified, the judgment is affirmed.
 

 The defendant’s contention that the evidence was legally insufficient to support his conviction of rape in the first degree in unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, his contention is without merit. The testimony of the complainant that the defendant laid on top of her so that she could not move and forced her to engage in sexual intercourse with him established sexual intercourse by forcible compulsion (see Penal Law §§ 130.35 [1]; 130.00 [8]; People v Hodges, 204 AD2d 739 [1994]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of rape in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). While no rape kit or vaginal examination of the complainant was conducted, the examining doctor explained that such would have been futile at the time the complainant presented, three days after the alleged rape. In any event, a lack of physical injuries as a result of a sexual attack does not necessarily render the verdict against the weight of the evidence (see People v Williams, 259 AD2d 509 [1999]). Moreover, the complainant’s testimony was corroborated by the account of the school counselor to whom she disclosed the rape, and the presence of the defendant’s semen on her sweat pants.
 

 The defendant’s contention that the examining doctor’s failure to conduct a vaginal examination on the complainant deprived him of due process is unpreserved for appellate review (see CPL 470.05 [2]). In any event, his contention is without merit. The defendant did not show that the police failed to preserve potentially useful evidence in bad faith (see Arizona v Youngblood, 488 US 51, 58 [1988]).
 

 Contrary to the defendant’s contention, the County Court lawfully imposed consecutive sentences of imprisonment on the convictions of rape in the first degree and criminal sexual act in the first degree because they were “separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident” (People v Wynn, 35 AD3d 283, 284 [2006]; see Penal Law § 70.25 [2]; People v Laureano, 87 NY2d 640, 643 [1996]; People v Pena, 126 AD3d 618 [2015], affd 28 NY3d 727 [2017]; People v Houston, 73 AD3d 1081 [2010]; People v Rodriguez, 49 AD3d 433, 435 [2008]; People v Telford, 134 AD2d 632, 633 [1987]).
 

 The defendant failed to preserve for appellate review his contention that the sentence imposed improperly penalized him for exercising his right to trial (see People v Hurley, 75 NY2d 887, 888 [1990]). In any event, “the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial” (People v Ray, 100 AD3d 933, 934 [2012]; see People v Pena, 50 NY2d 400, 411-412 [1980]). In imposing sentence, the County Court relied on the appropriate factors, including the nature of the crime, the defendant’s failure to accept responsibility or show remorse, and the safety of the community (see Penal Law § 70.80 [2]; People v Clark, 129 AD3d 1, 26 [2015], affd 28 NY3d 556 [2016]; People v Suitte, 90 AD2d 80, 83-84 [1982]).
 

 However, the sentence imposed was excessive to the extent indicated herein.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.