People v Marcinkowski (2026 NY Slip Op 01380)

People v Marcinkowski

2026 NY Slip Op 01380

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-00059
 (Ind. No. 1603/19)

[*1]The People of the State of New York, respondent,
vArtur Marcinkowski, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Allison Marculitis of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura Johnson, J.), rendered December 13, 2021, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review since his generalized motions to dismiss at trial were not specifically directed at the deficiencies now being argued (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Spencer, 244 AD3d 1254, 1255). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644). That the jury found the defendant not guilty of rape in the first degree and certain other crimes does not necessarily mean that the jury disbelieved the victim's account of the incident (see People v Nash, 87 AD3d 757, 758; People v Houston, 73 AD3d 1081, 1082).
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court