■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY ABAIR, Appellant.—Casey, J. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered February 2, 1987, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the first degree.

At about 6:30 P.M. on May 13, 1986, the seven-year-old female victim was entrusted to the care of defendant when her mother left the residence to play bingo. Defendant was the mother's live-in boyfriend and he allegedly committed the crimes charged during this time. The mother returned at about 10:20 P.M., but nothing out of the ordinary was then apparent. It was not until the night of May 16, 1986, when the mother returned from a local bar where she had been drinking with defendant who had returned home earlier, that the child related what defendant had done to her three days earlier. The Village of Malone Police were summoned and removed defendant to his sister's house. On the following day the victim was examined at Alice Hyde Hospital by a Dr. Ray and on the day after that she was examined by Dr. Lynne Di Costanzo. Evidently, the first examination revealed nothing of significance. Dr. Ray, however, did not appear as a trial witness, having moved to California in the interim. Dr. Di Costanzo found a bruise and a scratch on the victim's labia and a laceration of her hymen.

Defendant was charged with two counts of rape in the first degree, in violation of Penal Law § 130.35 (1) and (3), and two counts of sexual abuse in the first degree, in violation of Penal Law § 130.65 (1) and (3). Before trial, County Court examined the victim and determined that she could testify, but only as an unsworn witness. Defendant was convicted of rape in the first degree under Penal Law § 130.35 (3) and sexual abuse in the first degree under Penal Law § 130.65 (3), and not guilty of the other two counts. Defendant was sentenced as a predicate felon to concurrent prison terms of 10 to 20 years for the rape and 3½ to 7 years for sexual abuse.

On this appeal, defendant argues that the victim's testimony was improperly admitted into evidence, that there was insufficient corroboration and that the corroboration requirement was incorrectly charged by County Court. The victim was apparently permitted to review her previously given statement of the events, to refresh her recollection and to affirm that she recalled making the statement. The statement was not admitted into evidence, and the victim was required to give her oral version of the events after her memory had been refreshed. We find no error in this procedure (see, People v Tyrrell, 101 AD2d 946; People v Raja, 77 AD2d 322, 325).

As to the corroboration required under CPL 60.20 (3) of an unsworn witness of less than 12 years of age, we find the testimony of Dr. Di Costanzo, a gynecologist who conducted the second physical examination of the victim, to be suffi-

ciently corroborative. In this doctor's opinion, based on the finding of a scratch on the victim's labia and a laceration of her hymen, penetration of the victim's vagina had been attempted. That the hospital records contained no such finding by the first doctor, Dr. Ray, was revealed at trial, but obviously was not considered significant by the jury. Dr. Di Costanzo sufficiently corroborated the testimony of the victim, who stated that she experienced pain in her vagina when defendant attempted to penetrate her. Since defendant admitted having been left alone with the child when her mother left to play bingo, he had the opportunity to commit the crimes. Therefore, the purpose of CPL 60.20 (3) was, in our view, satisfied by corroborating evidence which established the trustworthiness of the unsworn victim and legitimately tended to show the existence of material facts of the crime *(see, People v St. John,* 74 AD2d 85, 88).

As to County Court's charge, defendant specifically requested a charge that the court itself was not satisfied that the victim understood the concept of an oath to tell the truth. The court refused this request and charged instead that a child under 12 years, such as the victim, is presumed incompetent to testify by reason of age. We find no error in the charge as given. County Court further charged, over defendant's exception, that: "in order to satisfy the corroboration requirement the entire case need not be proved outside of the child's unsworn testimony. The required corroboration may be either direct or circumstantial and is sufficient if it tends to do two things: 1) To connect the defendant with the commission of the crime, and 2) Satisfy the Jury that the child is telling the truth."

Although this charge failed to define the corroboration required by CPL 60.20 (3) as sufficiently tending to show the existence of material elements of the crime *(see, People v Brewer,* 94 AD2d 812), we find such failure harmless since County Court charged that the prosecution must prove every material element of the crime beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230), and the corroborative evidence did sufficiently establish the elements of the crimes essential for the convictions.

Defendant next contends that reversal is required by County Court's refusal over defendant's exception, to charge the crime of endangering the welfare of a child under Penal Law § 260.10 (1) as a lesser included offense of rape in the first degree under Penal Law § 130.35 (3). Assuming it is theoretically impossible to violate the provisions of Penal Law

§ 130.35 (3) without concomitantly violating the relevant provisions of Penal Law § 260.10 (1) *(see, People v Green,* 56 NY2d 427, 431), there is no reasonable view of the evidence in this case which would support a finding that defendant committed the lesser but not the greater crime, and County Court was correct in refusing to submit the lesser crime to the jury for its consideration *(see,* CPL 300.50 [1]).

We have examined defendant's other claims and find no merit in them. The judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.