■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM YEADEN, Appellant.—Judgment of the Supreme Court, Bronx County (Frank Diaz, J.), rendered on November 18, 1987, convicting defendant, after a jury trial, of two counts of rape in the first degree, and sentencing him to two concurrent, indeterminate terms of imprisonment of 8⅓ to 25 years, is unanimously affirmed.

The evidence at trial showed that the defendant used his superior age, size and strength to pull his nine-year-old daughter down onto his bed and have sexual intercourse with her under circumstances in which she could not get away. The People's proof of forcible compulsion (Penal Law § 130.35 [1]) is not deficient for lack of proof of actual violent conduct *(People v Bianchi,* 55 AD2d 993, 994). Forcible compulsion was shown by evidence of the defendant dominating his smaller and weaker daughter and preventing her from leaving him *(see, People v Fuller,* 50 NY2d 628, 636).

The trial court correctly allowed the prosecutor to inquire as to the defendant's prior convictions *(People v Sandoval,* 34 NY2d 371). That the convictions were more than 10 years old, alone, was not enough to preclude the prosecutor's using them to cross-examine the defendant *(People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056).

Defendant's claim that the court should have instructed the jury as to the complainant's delay in reporting the rape *(People v Derrick,* 96 AD2d 600) is not preserved as a matter of law and we, therefore, decline to reach it. Were we to consider it, in the interests of justice, we would nonetheless affirm, finding it to be without merit. Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.