■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS SOLORZANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 27, 1988, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The complainant's testimony that defendant grabbed her by the arm, dragged her to the bedroom, threw her down on the bed, and forced her to have intercourse with him while he held her hands, as she repeatedly told him to stop and cried during the attack, is sufficient to establish forcible compulsion *(see, People v Fuller,* 50 NY2d 628; *People v Gonzalez,* 136 AD2d 735; *People v Urso,* 132 AD2d 769).

In addition, resolution of issues of credibility and the weight to be accorded the evidence presented are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *People v Ingram,* 67 NY2d 897, 899; *People v Ortiz,* 54 NY2d 288; *People v Medina,* 53 NY2d 951; *People v Ashwal,* 39 NY2d 105; *People v Booker,* 145 AD2d 564; *People v Jefferson,* 136 AD2d 655, 657; 2

CJI[NY] PL 130.35 [1], at 401, 401D, 401E). Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.