■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. BERARDICURTI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction for rape and sexual abuse in the first degree upon the grounds that (1) the trial court abused its discretion in permitting the victim to give sworn testimony; and (2) the court erred in instructing the jury that, in considering whether penetration occurred *(see,* Penal Law § 130.00 [1]), the term "vaginal opening" included "external genitalia".

Although the victim was almost 13 years old at the time of trial, the court was apprised 18 months prior to the trial that her mental age was 8½ years old. The court, therefore, conducted a preliminary examination of the child out of the jury's presence to determine whether she possessed sufficient intelligence to understand the nature of an oath *(see,* CPL 60.20). Sufficient evidence was presented to support a finding that the child knew the difference between the truth and a lie and understood the nature and consequences of an oath, and we perceive no reason to disturb the trial court's exercise of discretion in permitting her to give sworn testimony *(see,*

*People v Parks,* 41 NY2d 36, 50; *People v Nisoff,* 36 NY2d 560, 565-566).

The trial court properly instructed the jury that, to constitute sexual intercourse, penetration "need not be deep" and that "[a]ny penetration of the penis into the vaginal opening, regardless of the distance or amount of penetration" constitutes sexual intercourse *(see,* 2 CJI[NY], at 408-409). Moreover, defendant concedes that penetration of the vulva or labia constitutes sexual intercourse even though the victim's hymen remains intact and there is no penetration into the vaginal canal *(see, People v Groff,* 71 NY2d 101; *People v Crowley,* 102 NY 234; *People v Fuller,* 66 AD2d 27, *affd* 50 NY2d 628; *see also,* 3 Torcia, Wharton's Criminal Law § 285 [14th ed]; Annotation, *What Constitutes Penetration in Prosecution for Rape or Statutory Rape,* 76 ALR3d 163, 178). His sole objection to the court's instruction is the use of the term "external genitalia" to define the term "vaginal opening". Defendant contends that the jury charge was erroneous because certain medical dictionaries describe "external genitalia" as including the mons pubis, an area of the female body distinct from the vulva or labia. However, mons pubis was never mentioned during the trial. The medical testimony described the vulva, labia, hymen and the distance between the outer lips of the vulva to the hymen. The court's use of the term "external genitalia", in the context of this trial, referred only to the vulva or labia, and under the circumstances, the jury was given the correct rule to be applied in arriving at its verdict *(see, People v Canty,* 60 NY2d 830, 832). (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—rape, first degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.