■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HARVEY COBB, Appellant.—Judgment, Supreme Court, Bronx County (Stephen L. Barrett, J.), rendered May 14, 1991, convicting defendant, after a jury trial, of sodomy in the first degree, sodomy in the second degree and attempted rape in the second degree, and sentencing him to concurrent terms of 3 to 9 years, 2 to 6 years and 1 to 3 years, respectively, unanimously affirmed.

The evidence adduced at trial that the complainant, who was 11 years old at the time of the incident, was unable to stand up during the assault because defendant then 23 years old, was lying on top of her was sufficient to establish the "forcible compulsion" element of the first degree sodomy charge, by showing defendant's use of his physical dominance to prevent the complainant from leaving (see, People v Yeaden, 156 AD2d 208, lv denied 75 NY2d 872). Also without merit is defendant's argument that he was deprived of a fair trial by the prosecutor's cross-examination and summation. While the People concede that the prosecutor's comment concerning defendant's propensity for having sex with young girls was improper, defendant was not prejudiced thereby since the trial court ordered the remark stricken, and since the prosecutor, in this regard, "did not, in his summation, demonstrate a persistent, egregious course of conduct that was deliberate and reprehensible" (People v Rudolph, 161 AD2d 115, 116, lv denied 76 NY2d 795). Nor did the prosecutor mischaracterize the defense argument by questioning defense counsel's speculation that defendant's brother actually committed the sexual assault. Rather, as the trial court noted, the prosecutor's remarks were fair comment in light of the "full rein" given to defense counsel during summation to offer the jury a version of the incident that "was founded in a very speculative basis". We have considered defendant's remaining arguments and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Kassal, JJ.