■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COLLINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered November 20, 1989, convicting him of rape in the first degree (two counts), burglary in the first degree, sexual abuse in the first degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Although this case involved a variety of charges, this appeal concerns primarily the conviction for rape. At the trial, the prosecution presented the testimony of the victim, who stated that the defendant, after crawling through her window, surprised her coming out of her shower, tied her up, and raped her at knife point. The knife, which was recovered at the scene, had a fingerprint of the defendant on the blade.

The defendant argues that the victim's in-court identifica-

tion should have been suppressed because it was a product of an impermissibly suggestive lineup. However, review of the *Wade* hearing indicates that neither the fillers used in the lineup nor the way in which it was conducted rendered it impermissibly suggestive *(see, People v Adams,* 178 AD2d 536; *People v Brito,* 179 AD2d 666; *People v Livieri,* 171 AD2d 815). Therefore, the victim was properly allowed to make an in-court identification of the defendant.

The defendant also argues that he was stopped by the police several days after the rape (but before the lineup), in an unrelated incident, in violation of his constitutional rights. Therefore, because this stop provided the police with his name and address and, he argues, led them to match his fingerprints against those found at the crime scene and compel his presence at the lineup, both of these pieces of evidence should have been suppressed as the fruits of the poisonous tree. However, the record indicates that the police had more than enough reason to stop the defendant pursuant to a "request for information" *(see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210). Therefore, the stop was not unconstitutional.

The defendant contends that the court's supplemental instructions to the jury during deliberations concerning the meaning of "penetration" were inadequate. However, the court's supplemental charge that "penetration" was "[a]ny penetration of the penis into the vagina opening" was a meaningful response to the question *(see, People v Almodovar,* 62 NY2d 126; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). There was no error in the supplemental charge.

The defendant argues that the victim's contradictory statements concerning whether she was penetrated warrants reversing his conviction for rape. However, although the victim apparently told the examining physician and nurse that she was not penetrated, at the trial she testified unequivocally that she was penetrated and explained that her previous statements were a result of not having had a "regular sexual act" with the defendant. Further, traces of sperm were found both in her vagina and cervix and on her sheets. Therefore, as all the victim's prior inconsistent statements were brought out before the jury, this merely raised a question of credibility for the jury *(see, People v Gaimari,* 176 NY 84). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Viewing the evidence in the light most favorable to the People *(see, People*

*v Contes,* 60 NY2d 620), we are satisfied that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.