■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. TOMCZAK, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Sullivan County (McGill, J.), rendered September 20, 1991, upon a verdict convicting defendant of the crimes of sodomy in the first degree, aggravated sexual abuse in the second degree, sexual abuse in the first degree, endangering the welfare of a child (three counts) and sexual misconduct (two counts).

Defendant is seeking reversal of three felony convictions, under counts 5, 6 and 7 for sodomy in the first degree, aggravated sexual abuse in the second degree and sexual abuse in the first degree perpetrated on victim A in March 1988, because they were based solely on the unsworn testimony of victim A, a seven-year-old child, and were not corroborated by legally sufficient evidence.

## I. Victim A

The direct testimony of the unsworn child indicated that two incidents, involving defendant occurred in February 1988 and on May 1, 1988 at defendant's home. Victim A further testified that defendant "put his hands in my butt", which hurt a lot, and that defendant pulled his pants down and told victim A that he was "going to kill [him]" if he told anyone. Victim A also stated that defendant put his penis in victim A's rectum, that defendant's wife took video pictures of victim A and defendant during the incidents, and that defendant gave him money and told him to be quiet.

Evidence presented to corroborate the child's testimony consisted of testimony by victim A's mother that she saw defendant give the child money and say to him "Now, be quiet" on several occasions, and that the child expressed fear in relating the incidents to her when he was finally confronted about them a year after their occurrence. She also testified that she recalled that the child was at defendant's house overnight on the Memorial Day weekend of 1988. Victim A's father testified that the child stayed overnight with defendant on two occasions, in March 1988 and on the Memorial Day weekend of 1988, and that he drove the child

there. He, too, often observed defendant giving the child dollar bills. Other witnesses testified that when the State Police indicated to defendant's employer that they wished to speak to defendant but did not disclose the purpose thereof and defendant was informed of this fact, defendant failed to report to work the following day and never claimed the paycheck due him. The family left the area the following day in great haste, leaving behind food on the table and on the stove, clothes, their furnishings and a pet rabbit. On the next day Tracy Guimond, defendant's paramour, was observed at the family trailer, having returned from Erie, Pennsylvania, where the family had fled. She made this nine-hour trip to reclaim what a witness described as an open box containing video tapes which she took from a barn behind the family trailer. Defendant was not found until a year later in Arizona, having fled there with his family.

Unsworn testimony of a witness must be corroborated before it can serve to convict a defendant (CPL 60.20 [3]). The proof presented must tend to connect the defendant with the commission of the crime so that the trier of fact is reasonably satisfied that the unsworn witness was telling the truth *(see, People v Groff,* 71 NY2d 101, 104, 109). In viewing the evidence in a light most favorable to the People, as we must *(see, People v Morse,* 177 AD2d 1015, 1016, *lv denied* 79 NY2d 861), we find that the child's testimony was sufficiently corroborated to sustain the verdict. The evidence, when taken collectively, tends to establish both the commission of the crimes and defendant's connection thereto.

Defendant contends that the evidence presented to support count 6 of the indictment, aggravated sexual abuse in the second degree, was insufficient because of the failure to prove that victim A was injured physically by defendant and caused to suffer substantial pain as required by Penal Law § 10.00 (9). We disagree. Victim A's testimony that insertion of a finger in his rectum caused him a lot of pain, along with the common-sense reality that pain would result from such an act perpetrated on a young child, is legally sufficient to establish substantial pain *(see, Matter of Phillip A.,* 49 NY2d 198, 199-200).

### II. Sufficiency of Evidence

Defendant urges that the evidence presented by the People as to counts 5, 6, 7 and 13 involving victim A was internally

inconsistent, contradictory and lacking in credibility to such an extent that, as a matter of law, reasonable doubt exists requiring acquittal. We disagree. We conclude that the People met their burden of proof. The verdict was supported by legally sufficient evidence and was not against the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495). To the extent that the evidence was conflicting, this merely raised issues of credibility which the jury resolved against defendant as to those crimes of which he was convicted.

### III. Prosecutorial Misconduct

Defendant contends that prosecutorial misconduct deprived him of a fair trial because the prosecutor interjected his personal concerns about the case, vouched for the credibility of witnesses and drew impermissible inferences about Guimond's prior criminal conviction to defendant's detriment. Defendant has waived appellate review of this issue by failing to object at trial *(see, People v Longo,* 182 AD2d 1019, *lv denied* 80 NY2d 906). In any event, we find the People's summation to be within the "broad bounds of rhetorical comment permissible in closing argument" *(see, People v Galloway,* 54 NY2d 396, 399).

### IV. County Court's Charge

Defendant further contends that County Court improperly marshaled the evidence on the issue of defendant's consciousness of guilt by only referring to the evidence provided by the People and not that presented by defendant. While we agree that the court was obliged to marshal the evidence in a balanced manner and did not do so in this instance, we note that defendant's counsel had a full opportunity to present defendant's version of the facts during summation. We find that defendant was not prejudiced and reversal is therefore not required on this basis *(see, People v Owens,* 69 NY2d 585, 591).

Defendant urges that County Court's charge on corroboration of unsworn testimony was also improper. Once again, there was no objection to such charge; it was thus waived and, in any event, without merit *(see, People v Longo, supra).*

### V. Victims B and C

As to defendant's motion that all convictions relating to victims B and C should be reversed and dismissed as repug-

nant, this was properly denied by County Court. Defendant urges that because he was acquitted of counts 2 and 4, involving charges of sodomy in the second degree, the finding of guilt of sexual misconduct as a lesser included offense of sodomy in the first degree, alleged in counts 1 and 3, are repugnant. Defendant also asserts that his convictions for endangering the welfare of a child are repugnant in that they are based on the same incidents on which counts 1 through 4 were based and of which he was found not guilty. The People point out that the verdicts were not repugnant but resulted from an incorrect charge and improperly worded verdict sheet. We deem defendant's failure to raise the issue at trial a waiver thereof (see, People v Alfaro, 66 NY2d 985, 987) and refuse to consider the argument any further.

## VI. Sentence

Defendant urges that he was improperly sentenced as a persistent felony offender. We disagree. Defendant's contention that felonies occurring 10 years before the instant convictions cannot be used in adjudicating him to be a persistent felony offender is misplaced (see, Penal Law §.70.10; compare, Penal Law §§ 70.06, 70.08).

Finally, defendant objects to the imposition of consecutive sentences. He seeks modification of the sentences to have them run concurrently in that the convictions as to victim A all stem from one solitary act. We conclude that the sentence for aggravated sexual abuse in the second degree to be served consecutively to the sentences for sodomy in the first degree and sexual abuse in the first degree were not improper. The former conviction is based on defendant's inserting a finger into victim A's rectum (see, Penal Law § 130.67). Sodomy in the first degree and sexual abuse in the first degree are based on deviate sexual intercourse and the touching of victim A's penis (Penal Law § 130.50 [3]; § 130.65). Inasmuch as these were separate acts, concurrent sentences are not required (see, Penal Law § 70.25; People v Thomas, 166 AD2d 624, 625).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.