■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON HODGES, Appellant. [612 NYS2d 420] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), dated February 28, 1992, convicting him of rape in the first degree, rape in the second degree, sodomy in the first degree, and sodomy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the People failed to prove beyond a reasonable doubt the element of forcible compulsion. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficent to establish the defendant's guilt beyond a reasonable doubt. According to the evidence at trial, during the first of two incidents, the 11-year-old complainant awoke to find the 26-year-old defendant sitting on her stomach, trying to force the complainant to perform oral sex. The complainant tried to push the defendant off her. During the second incident, the defendant laid on top of the complainant, so that she could not push him off, and forced her to engage in sexual intercourse with him. Under these circumstances, we find that the element of forcible compulsion was established *(see, People v Cobb,* 188 AD2d 308; *People v Maysonet,* 178 AD2d 558; *People v Yeaden,* 156 AD2d 208; *People v Gonzalez,* 136 AD2d 735). The fact that the complainant did not cry out for help or suffer from any physical injuries as a result of these incidents does not render the verdict against the weight of the evidence *(see, People v Gonzalez, supra).* In fact, the complainant testified that she did not cry out because she feared getting into trouble if she awakened the only other persons in the apartment at the time of these incidents, who were young children. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.