■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ARMENIA, Appellant. [630 NYS2d 784] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered January 12, 1994, convicting him of sodomy in the second degree, sexual abuse in the second degree (two counts), and endangering the welfare of a minor, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in allowing the 15-year-old, autistic, and mildly retarded complainant to testify under oath. The court's preliminary examination of the complainant adequately demonstrated that he understood the nature of testifying under oath and was competent to be sworn as a witness *(see,* CPL 60.20 [2]; *People v Parks,* 41 NY2d 36; *People v Johnston,* 186 AD2d 822; *People v Berardicurti,* 167 AD2d 840). Under the circumstances, the court's determination on this issue should not be disturbed *(see, People v Nisoff,* 36 NY2d 560).

The record demonstrates that the defendant received the effective assistance of counsel to which he was constitutionally entitled *(see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Ellis,* 81 NY2d 854; *People v Garcia,* 75 NY2d 973).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Magnano,* 77 NY2d 941, *cert denied* 502 US 864; *People v Morales,* 199 AD2d 284) or without merit. Rosenblatt, J. P., Altman, Hart and Friedmann, JJ., concur.