■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY A. CUMMINGS, II, Appellant. [631 NYS2d 201] —Mikoll, J. Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered September 13, 1993, which resentenced defendant following his conviction of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

Defendant was convicted following a jury trial of two counts of sexual abuse in the first degree and two counts of endanger-

ing the welfare of a child for digitally penetrating the vaginas of two children he was babysitting on the evening of January 23, 1993. Defendant's sole argument on appeal is that the unsworn testimony of the two victims, both under 12 years of age, was insufficiently corroborated as required by CPL 60.20 (3). In order to satisfy the statute, "[t]he proof presented must tend to connect the defendant with the commission of the crime so that the trier of fact is reasonably satisfied that the unsworn witness was telling the truth" (*People v Tomczak*, 189 AD2d 926, 927, *lv denied* 81 NY2d 977).

Here, viewing the evidence in the light most favorable to the People (*see, People v Tomczak, supra*), we conclude that the testimony of the second physician who examined the victims was sufficient for this purpose (*see, People v Abair*, 134 AD2d 743, 744-745, *lv denied* 70 NY2d 1003). The physician noted that there was an abnormal appearance of the external genital regions and hymens of both children and that these findings were consistent with physical injury by digital penetration. The testimony of the children's father also tended to corroborate their stories and, since defendant admitted babysitting the children on the night in question, the jury could infer that defendant had the opportunity to commit the crimes (*see, supra*, at 745). Thus, "[t]he evidence, when taken collectively, tends to establish both the commission of the crimes and defendant's connection thereto" (*People v Tomczak, supra*, at 927).

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.