■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CODELL WILKES, Appellant. [684 NYS2d 890] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered January 16, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN WILLIAMS, Appellant. [687 NYS2d 167] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered September 13, 1996, convicting him of rape in the first degree, rape in the second degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Penetration of the vulva or labia constitutes sexual intercourse even though the victim's hymen remains intact and there is no penetration into the vaginal canal (*see, People v Groff,* 71 NY2d 101; *People v Berardicurti,* 167 AD2d 840). Here, the trial testimony clearly established that, at the very least, the defendant's penis penetrated the complainant's vulva. Additionally, the complainant's testimony established the element of forcible compulsion (*see, People v Hodges,* 204 AD2d 739; *People v Solorzano,* 163 AD2d 434). The fact that the complainant did not suffer any physical injuries as a result of the sexual attack does not render the verdict against the weight of the evidence (*see, People v Hodges, supra; People v Gonzalez,* 136 AD2d 735).

Moreover, the inconsistencies between the complainant's out-of-court statements and her trial testimony merely created a credibility issue which the jury resolved in the People's favor (*see, People v Collins,* 188 AD2d 608, 609).

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.