■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HAYES, Also Known as JIMMY KING, Appellant. [690 NYS2d 358] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and burglary in the second degree (Penal Law § 140.25 [2]) arising from an incident in which defendant pushed an 85-year-old woman into her apartment and raped her. Defendant contends that there was insufficient evidence of penetration to support the conviction of rape. We disagree.

Rape in the first degree is defined in relevant part as engaging in sexual intercourse by forcible compulsion (see, Penal Law § 130.35 [1]). Sexual intercourse "has its ordinary meaning and occurs upon any penetration, however slight" (Penal Law § 130.00 [1]). Although the testimony of the elderly victim was at times confused, she testified that defendant's penis did in fact penetrate her vagina "[a] little bit" and very slightly. That testimony is supported by medical evidence from the treating physician that laboratory tests revealing the presence of semen in the victim's vaginal canal were consistent with penetration having occurred. The victim's prior inconsistent statements were brought out before the jury, and merely raised an issue of credibility (see, People v Collins, 188 AD2d 608, 609, lv denied 81 NY2d 883). The jury's determination must be accorded great weight and should not be disturbed on appeal unless clearly unsupported by the record (see, People v Collins, supra, at 609). Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we conclude that the testimony of the victim and her treating physician is legally sufficient to establish that "penetration, however slight", occurred (Penal Law § 130.00 [1]; see, People v George, 217 AD2d 987, 988, lv denied 86 NY2d 842; People v Hobot, 200 AD2d 586, 594, affd 84 NY2d 1021; People v Collins, supra, at 609).

We reject defendant's contention that County Court erred in admitting the results of the DNA testing into evidence because the nurse who placed the samples in the rape kit did not testify. Although it would have been better to have the nurse testify,

the People sufficiently established an unbroken chain of custody (*see, People v Julian,* 41 NY2d 340, 343-344). The testimony of the physician who took the samples from the victim was sufficient to establish the identity of the evidence and that no tampering had occurred.

There is no merit to defendant's contention that the court erred in failing to give a missing witness charge regarding the People's failure to call the nurse who handled the rape kit. Although defendant was aware that the witness would not testify, defendant did not request a missing witness charge until both sides had rested. That request was untimely (*see, People v Gonzalez,* 68 NY2d 424, 427-428; *People v Castro-Garcia,* 203 AD2d 899, *lv denied* 83 NY2d 965). Furthermore, defendant failed to establish that the witness would provide noncumulative testimony favorable to the People regarding a material issue (*see, People v Kitching,* 78 NY2d 532, 536; *People v Gonzalez, supra,* at 427). In any event, any error is harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242; *People v McCune,* 210 AD2d 978, 979, *lv denied* 85 NY2d 864). Despite the overwhelming evidence of guilt, defense counsel presented a credible defense that resulted in the dismissal of two charges. Thus, the contention that defendant received ineffective assistance of counsel lacks merit (*see, People v Baldi,* 54 NY2d 137, 147). Finally, considering the heinous nature of defendant's conduct and extensive criminal record, the court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Erie County Court, Drury, J.—Rape, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Callahan, JJ.