■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID RICHARDSON, Respondent. [728 NYS2d 605] —Order unanimously reversed on the law, counts 1, 5, 9, 13 and 17 of indictment reinstated and matter remitted to Erie County Court for further proceedings on those counts of indictment. Memorandum: County Court erred in dismissing the five counts of the indictment charging defendant with rape in the first degree (Penal Law § 130.35 [1]) based on its determination that the evidence before the Grand Jury was legally insufficient to establish the requisite element of forcible compulsion. Forcible compulsion is defined in relevant part as "to compel by either: a. use of physical force; or b. a threat, express or implied, which places a person in fear of immediate death or physical injury to * * * herself" (Penal Law § 130.00 [8]). In evaluating the sufficiency of the evidence before the Grand Jury, we "must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*People v Swamp,* 84 NY2d 725, 730). We conclude that the evidence with respect to forcible compulsion would warrant conviction. The 15-year-old alleged victim testified that, on five occasions when she was alone in her mother's house with defendant, her mother's 37-year-old boyfriend, defendant grabbed her, pulled her into a bedroom, removed her clothes and engaged in sexual intercourse with her. The alleged victim testified that she cried, and she told defendant "no," and that he was hurting her. She further testified that she was afraid and "in a state of shock," and that she was too afraid to report what happened because defendant told her not to tell anyone. That testimony constitutes prima facie evidence to satisfy the element of forcible compulsion (*see, People v Bermudez,* 109 AD2d 674, *appeal dismissed* 67 NY2d 758; *see also, Matter of Dakota EE.,* 209 AD2d 782, 782-783).

"The proper focus is on the state of mind produced in the victim by the defendant's conduct, because the *sine qua non* for criminal liability for sex offenses under our Penal Law is lack of consent" (*People v Thompson,* 72 NY2d 410, 416, *rearg denied* 73 NY2d 870). (Appeal from Order of Erie County Court, Drury, J.—Dismiss Counts Indictment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.