■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELTON WILLIAMS, Appellant. [735 NYS2d 212] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 16, 1999, convicting him of rape in the first degree, sexual abuse in the first degree (three counts), rape in the third degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt on the charges of rape in the first degree and sexual abuse in the first degree is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (see,

CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Wells,* 272 AD2d 562; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the element of forcible compulsion as to those charges beyond a reasonable doubt (*see,* Penal Law § 130.00 [8]; *People v Williams,* 259 AD2d 509; *People v Hodges,* 204 AD2d 739; *People v Maysonet,* 178 AD2d 558; *People v Solorzano,* 163 AD2d 434). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the charges of rape in the first degree and sexual abuse in the first degree was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Goldstein, J. P., Florio, McGinity and H. Miller, JJ., concur.