■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL GRAY, Appellant. [788 NYS2d 792]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered December 15, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and rape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and rape in the second degree (§ 130.30 [1]). Contrary to the contentions of defendant, the evidence is legally sufficient to establish both that he engaged in sexual intercourse with the 13-year-old victim and that he did so by forcible compulsion. The victim testified that defendant pulled her into the bedroom, pushed her onto the bed, removed her clothing, and placed his penis inside her "personal area" while holding her down. That testimony is legally sufficient to establish both penetration (see People v Fuller, 50 NY2d 628, 631, 638-639 [1980]; People v Hatfield, 256 AD2d 1105 [1998], lv denied 93 NY2d 853, 874 [1999]) and forcible compulsion (see People v Shelton, 307 AD2d 370, 371 [2003], affd 1 NY3d 614 [2004]; People v Solorzano, 163 AD2d 434 [1990], lv denied 76 NY2d 944 [1990]; see also People v Richardson, 284 AD2d 920 [2001]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The credibility of the victim and the weight to be accorded her testimony were matters for the jury" (People v Halwig, 288 AD2d 949, 949 [2001], lv denied 98 NY2d 710 [2002]; see People v Bell, 234 AD2d 915, 915-916 [1996], lv denied 89 NY2d 1009 [1997]). We further conclude that defendant was not denied effective assistance of counsel. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; see also People v Henry, 95 NY2d 563, 565 [2000]; People v Benevento, 91 NY2d 708, 712 [1998]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.