[965 NE2d 959, 942 NYS2d 457]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASON MACK, Respondent.

Argued February 16, 2012; decided March 22, 2012

930

**APPEARANCES OF COUNSEL**

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Vincent W. Rivellese* and *Hilary Hassler* of counsel), for appellant.

*Dratel & Mysliwiec, P.C.*, New York City (*Alice L. Fontier* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

During the morning rush hour on March 22, 2002, a teenage girl on her way to school got on a packed subway train in Manhattan. She stood just inside the train's door as a tall and "very heavy" man "pushed himself in so [that] he was behind" her. Once the doors closed and the train started to move, the girl felt some "weird movements" on her lower back, which she attributed to the swaying of the train and the press of passengers. When she turned in the man's direction, though, the touching sensation stopped; it resumed when she turned back around. She tried to "move more to [her] right" to avoid this man, but she was hemmed in by the crush of commuters. The man left the train one station after he got on. When the girl eventually got off the train, she noticed semen on her jeans and coat. Upon her arrival at school, she reported the incident to school officials, who called the police.

Although the police developed a DNA profile from the semen on the girl's clothing right away, a suspect was not immediately

identified. Then in 2007, defendant Jason Mack's DNA was added to the State's DNA data bank. An employee of the Office of the Chief Medical Examiner of the City of New York matched the DNA recovered from the girl's clothing to defendant's genetic profile. Defendant was subsequently charged by the grand jury with one count of first-degree sexual abuse (a class D felony) for the acts committed against the girl, as well as a count of third-degree sexual abuse (a class B misdemeanor) for an incident in 2006 involving another victim.

Defendant asked Supreme Court to inspect the grand jury minutes and to dismiss or reduce the first-degree count, arguing that the evidence did not establish the use of force. As relevant here, a person is guilty of first-degree sexual abuse "when he or she subjects another person to sexual contact . . . [b]y forcible compulsion" (Penal Law § 130.65 [1]); and forcible compulsion "means to compel by . . . use of physical force" (Penal Law § 130.00 [8] [a]). By contrast, "[a] person is guilty of [third-degree sexual abuse] when he or she subjects another person to sexual contact without the latter's consent," with an exception not at issue in this case (Penal Law § 130.55).

By decision and order dated September 22, 2008, Supreme Court concluded that "the mere close presence of many other passengers in the train [was] not sufficient to establish the requisite use of forcible compulsion." The judge therefore reduced the count of first-degree sexual abuse in the indictment to third-degree sexual abuse. After the People re-presented the case, defendant was again indicted for first-degree sexual abuse for the encounter on March 22, 2002. He once more asked Supreme Court to inspect the grand jury minutes and to dismiss or reduce the new charge of first-degree sexual abuse on the ground of insufficient evidence of forcible compulsion. By decision and order dated January 29, 2009, the judge found that "the evidence showed that defendant sexually touched the complainant[,] but failed to establish the requisite use of forcible compulsion." Accordingly, Supreme Court dismissed the one-count indictment, observing that the People could still prosecute defendant for this incident under the reduced charge in the original indictment.

Upon the People's appeal, the Appellate Division affirmed, with two Justices dissenting (76 AD3d 877 [1st Dept 2010]). The court remarked that "[w]hile the conduct described in the grand jury presentation was reprehensible," the evidence established only "the use of stealth to commit the crime," not

"the use of physical force" (*id.* at 879). The dissenters considered the proof sufficient to make out a prima facie case, analogizing the facts to robberies where defendants and their accomplices act together to create a "human wall" to intimidate or block a victim. A Justice of the Appellate Division granted the People leave to appeal, and we now affirm.

Here, there was no coordinated action by defendant and other passengers to hedge in the victim. Rather, the crowded conditions in the subway car merely masked and facilitated the unwanted sexual contact alleged. The sexual contact itself is the only physical force that defendant may be said to have deployed against his victim. This is not enough to establish that the sexual contact was "compel[led] by . . . use of physical force."

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.