Appeal by the defendant from an order of Supreme Court, Nassau County (St. George, J.), dated February 24, 2011, which, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in Doe v Pataki (3 F Supp 2d 456 [1998]), designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing and determination in accordance herewith.
In 1994, the defendant was convicted of sexual abuse in the first degree, upon his plea of guilty, in full satisfaction of an information charging him with rape in the first degree, sexual abuse in the first degree, and incest. During his plea allocution, the defendant admitted that on March 21, 1992, he grabbed his teenage daughter’s breasts and that he did so for sexual gratification, thereby establishing the elements of sexual abuse in the first degree (see Penal Law § 130.65). The defendant was sentenced to time served plus five years of probation.
In approximately 2006, the defendant’s daughter recanted her allegations that her father had abused her. In 2011, the defendant moved to vacate his conviction pursuant to CPL 440.10, relying on affidavits from the victim in which she claimed that she had fabricated the allegations against her father which led to his conviction. In an order dated March 31, 2011, the Supreme Court denied the defendant’s CPL 440.10 motion, and a Justice of this Court denied his application for leave to appeal from that order.
*687 The instant appeal involves the defendant’s classification pursuant to the Sex Offender Registration Act (hereinafter SORA). At a hearing to redetermine the defendant’s sex offender risk level pursuant to the stipulation of settlement in Doe v Pataki (3 F Supp 2d 456 [1998]), the People offered into evidence, inter alia, the original probation report prepared for the defendant’s sentencing and a signed supporting deposition given by the defendant’s daughter at the time the charges were brought against the defendant, which collectively indicated that the conduct underlying the defendant’s conviction consisted of the defendant engaging in sexual intercourse with his daughter on numerous occasions over a period of years. The People also introduced and relied upon a risk assessment instrument prepared by the Board of Examiners of Sex Offenders assessing, as relevant to this appeal, 25 points under risk factor 2 for engaging in sexual intercourse with the victim, 20 points under risk factor 4 for engaging in a continuing course of conduct with the victim, and 15 points under risk factor 11 for a history of substance abuse. The Supreme Court found that the People met their burden of establishing facts supporting the assessment of these points under risk factors 2, 4, and 11 (as well as other risk factors not challenged on appeal), resulting in a total score of 95 points, and a presumptive risk level of two. Finding that no overrides or departures were warranted, the court designated the defendant a level two sex offender, and this appeal ensued.
The Supreme Court erred in precluding the defendant from offering into evidence affidavits from his daughter recanting the underlying allegations of sexual abuse, and denying the defendant’s motion in limine to permit his daughter to testify at the SORA hearing. At a SORA hearing, “[t]he court shall allow the sex offender to appear and be heard” (Correction Law § 168-n [3]). The People bear of the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). The SORA court “shall review any victim’s statement and any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and any materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations” (Correction Law § 168-n [3]). Further, “[f]acts previously proven at trial or elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be *688 relitigated” (Correction Law § 168-n [3]). Here, the only facts elicited at the time of the defendant’s plea of guilty were that, on one occasion, he touched his daughter’s breasts and that he did so for sexual gratification, and therefore he was barred from relitigating those facts in this SORA proceeding (see Correction Law § 168-n [3]). However, the defendant was entitled to rely upon the proffered evidence for the limited purpose of contesting the People’s allegations that he engaged in intercourse with his daughter and that the sexual misconduct was ongoing, which resulted in the assessment of points under risk factors 2 and 4. Since the excluded evidence was relevant to material issues at the hearing (i.e., the nature and duration of the sexual contact), the defendant should have been permitted to introduce it (see People v Scarola, 71 NY2d 769, 777 [1988] [“Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence”]). Accordingly, the defendant is entitled to a new SORA hearing and determination. We express no view as to the weight the Supreme Court should give to this evidence at a new hearing.
The defendant’s remaining contentions are without merit or have been rendered academic in light of our determination. Dillon, J.P, Sgroi, Cohen and Miller, JJ., concur.