■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v WILBERTO MARTINEZ, Appellant. [3 NYS3d 408]—

Appeal by the defendant from an order of the County Court,

Suffolk County (Kahn, J.), dated March 18, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that the County Court improperly assessed him 10 points under risk factor 1 for "forcible compulsion," since this was not an element of the underlying crime of which he was convicted (*see* Penal Law § 130.52). However, "the court was not limited to considering only the crime of which the defendant was convicted in making its determination" (*People v Feeney*, 58 AD3d 614, 615 [2009]). "[E]vidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see* Correction Law § 168-n [3]). Further, "[f]acts previously proven at trial or elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" (Correction Law § 168-n [3]; *see People v Holmes*, 111 AD3d 686, 687-688 [2013]).

The Sex Offender Registration Act: Risk Assessment Guidelines and Commentary define the term "forcible compulsion" consistent with the Penal Law (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006] [hereinafter Guidelines]). Accordingly, "[f]orcible compulsion means to compel by either '(a) use of physical force or (b) a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped' " (Guidelines at 8, quoting Penal Law § 130.00 [8]). "Discrepancies in age, size, or strength are relevant factors in determining whether there was such compulsion" (Guidelines at 8; *see People v Cobb*, 188 AD2d 308, 308 [1992]; *People v Yeaden*, 156 AD2d 208, 208 [1989]).

Here, contrary to the defendant's contention, the People demonstrated the element of forcible compulsion by clear and convincing evidence (*see* Guidelines at 8). The written statement to the Suffolk County Police Department made by the mother of the five-year-old complainant and the defendant's admissions at the plea allocution demonstrated that the 44-year-old defendant wrapped his arm around the complainant's waist, which prevented the complainant from moving away

from the defendant and enabled him to commit the crime of forcible touching (*People v Cobb*, 188 AD2d at 308; *see People v Yeaden*, 156 AD2d at 209; *see also People v Fuller*, 50 NY2d 628, 636 [1980]; *People v Samuel*, 239 AD2d 527, 528 [1997]; *People v Hodges*, 204 AD2d 739, 739 [1994]; *cf. People v Mack*, 18 NY3d 929, 932 [2012]). Accordingly, the County Court properly assessed the defendant 10 points under risk factor 1 for forcible compulsion. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.