■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH BARNES, Appellant. [4 NYS3d 296]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered September 8, 2011, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of course of sexual conduct

against a child arises from his sexual abuse of his granddaughter beginning when she was seven years old. At trial, the child complainant testified that the defendant's abuse included several acts of sexual intercourse. The People called a medical expert, who testified that her physical examination of the child revealed a "notch" on the child's hymen, and that a child's hymen could remain intact even if there was penetration. The defendant also presented the testimony of a medical expert who disagreed that there was a notch or any injury to the child's hymen, and opined that it was unlikely that penetration occurred, because there was no evidence of injury to the hymen.

In instructing the jury on the legal definition of "sexual intercourse," the Supreme Court expanded the standard jury charge to include a statement that "sexual intercourse does not necessarily require the hymen to be broken," which was consistent with the testimony of the People's medical expert. Although this was not an incorrect statement of the law (see People v Williams, 259 AD2d 509 [1999]; People v Berardicurti, 167 AD2d 840, 841 [1990]), a core component of the defense theory was that there was no physical evidence to corroborate the child's testimony, and the Supreme Court made no reference to the testimony of the defendant's expert witness. Under these circumstances, the charge was not appropriately evenhanded (see People v Culhane, 45 NY2d 757, 758 [1978]; People v Tomczak, 189 AD2d 926, 928 [1993]; People v Erts, 138 AD2d 506, 507-508 [1988], affd 73 NY2d 872 [1989]). However, since the defendant's position that there was no physical corroboration of the child's testimony was made clear to the jury through the testimony of his expert witness and defense counsel's summation, and the court advised the jurors that they were "the sole and exclusive judges of the facts," the deficiency in the court's charge did not deprive the defendant of a fair trial (see People v Culhane, 45 NY2d at 758; People v Montana, 192 AD2d 623 [1993]; People v Tomczak, 189 AD2d at 928; People v Nieves, 186 AD2d 281 [1992]; People v Outlaw, 172 AD2d 697 [1991]; People v Gray, 144 AD2d 483, 484 [1988]).

The defendant was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668, 688 [1984]).

The defendant's claim that his right to a public trial was violated is unpreserved for appellate review (see CPL 470.05 [2]; People v Alvarez, 20 NY3d 75 [2012]; People v Miller, 112 AD3d 856 [2013]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's contention regarding the admissibility of certain testimony by the People's child sexual abuse expert is

unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Naranjo*, 194 AD2d 747 [1993]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.