THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGUILARY BENITEZ, Appellant. [35 NYS3d 377]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Walsh, J.), dated August 19, 2009, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]). Here, contrary to the defendant's contention, the assessment of 10 points under risk factor 1 based upon his use of forcible compulsion was supported by clear and convincing evidence (*see People v Martinez*, 125 AD3d 735, 736 [2015]; *People v Miller*, 81 AD3d 1064, 1065 [2011]; *People v Cobb*, 188 AD2d 308 [1992]), as was the assessment of 10 points under risk factor 2 based upon touching under clothing (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter the SORA Guidelines] at 9 [2006]).

The Supreme Court also properly assessed 10 points under risk factor 12 on the basis that the defendant failed to accept responsibility for his criminal conduct (*see* SORA Guidelines at 15). Although the defendant formally admitted his guilt when he pleaded guilty, his statements during his interview with the probation department suggested that he pleaded guilty for the sake of expediency and his remorse was for being accused rather than any acknowledgment of guilt. Moreover, he

subsequently denied his guilt during an intake interview with the Department of Corrections and Community Supervision, and thus the court properly concluded that the defendant had not genuinely accepted responsibility as required by the SORA Guidelines (*see People v Mosley*, 106 AD3d 1067, 1068 [2013]; *People v Farrice*, 100 AD3d 976, 977 [2012]; *People v Perry*, 85 AD3d 890 [2011]; *People v Vega*, 79 AD3d 718, 719 [2010]).

The defendant's contention that the Supreme Court improperly assessed 30 points for the victim being 10 years old or younger is unpreserved for appellate review, as he did not object to the assessment of these points before the SORA court (*see People v Duart*, 84 AD3d 908 [2011]; *People v Williams*, 55 AD3d 708, 709 [2008]; *People v Awalt*, 17 AD3d 336 [2005]; *People v Angelo*, 3 AD3d 482 [2004]). In any event, the defendant pleaded guilty to course of sexual conduct against a child in the second degree over a period of time that included several months during which the victim was 10 years old. "Facts previously proven at trial or elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" (Correction Law § 168-n [3]). Thus, the court properly assessed 30 points under risk factor 5 (*see* SORA Guidelines at 11; *see also People v Carbone*, 89 AD3d 1392 [2011]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.