People v Greene (2021 NY Slip Op 51166(U))

[*1]

People v Greene (Curtis)

2021 NY Slip Op 51166(U) [73 Misc 3d 138(A)]

Decided on November 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2015-1478 Q C

The People of the State of New York,
Respondent,
against
Curtis A. Greene, Appellant. 

New York City Legal Aid Society (Will A. Page of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, William Branigan and
Mirza Hadzic of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Gia L.
Morris, J.), entered April 23, 2015. The order, after a hearing, designated defendant a level two
sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
On January 12, 2015, defendant was convicted, upon his guilty plea, of forcible touching
(Penal Law § 130.52). The victim's statement, set forth in the accusatory instrument,
provides that she was on the "A train [when defendant] touched her chest and grabbed her
buttocks without her consent." At a hearing held pursuant to the Sex Offender Registration Act
(SORA) (see Correction Law § 168-n), defendant argued that he should not have
been assessed 10 points under risk factor one, since there was no proof of forcible compulsion,
and that, under risk factor seven, he should not have been assessed 20 points, since the People
failed to establish that he and the victim were strangers. The Criminal Court found, among other
things, that the People established by clear and convincing evidence that defendant used forcible
compulsion and that he was a stranger to the victim. Consequently, the Criminal Court assessed a
total of 90 points on the risk assessment instrument (RAI) and designated defendant a level two
sex offender.
On appeal, defendant contends that the People failed to establish by clear and convincing
evidence that he had used forcible compulsion when he committed the underlying criminal
offense or that he was a stranger to the victim. The People argue that the clear and convincing
evidence established that defendant—described in the People's notice of the SORA
hearing as a 36-year-old male, six feet, one inch tall, weighing 180 pounds—had grabbed
the 52-year-old female victim's buttocks, and touched her chest, while they were on a subway
train. This conduct constituted force and it alarmed the victim. Additionally, the People argue
that, since the accusatory instrument contained an allegation that the victim was on a subway
train at the time of the incident, a reasonable inference could be drawn that the victim was a
stranger.
The term "stranger" is defined as "anyone who is not an actual acquaintance of the
[offender]" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12
[2006]; see People v Hardy, 42
AD3d 487, 487 [2007]). "It can include a person living in the same apartment building if the
relationship between the offender and victim is limited to their passing in the hallway or sharing
an elevator" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at
12 [2006]), or as herein simply sharing a train (see People v Hill, 53 Misc 3d 154[A], 2016 NY Slip Op 51760[U]
[App Term, 1st Dept 2016]). Defendant's challenge is lacking in merit as the Criminal Court
complaint constituted clear and convincing evidence that defendant was a stranger to the victim
(see id.; People v Hardy, 42
AD3d 487; see also People v
Mingo, 12 NY3d 563, 573 [2009]).
The evidence that defendant grabbed the victim's buttocks and touched her chest may be
insufficient to show forcible compulsion by physical force, but, in light of the extended contact
and the size difference between the victim and defendant, it is sufficient to show forcible
compulsion by an implied threat that placed the victim in fear of physical injury (see People v
Hosear,134 AD3d 633 [2015]; People v Martinez, 125 AD3d 735, 736 [2015]).
Accordingly, the order is affirmed without costs or disbursements.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 26, 2021