People v Rodriguez (2024 NY Slip Op 01878)

People v Rodriguez

2024 NY Slip Op 01878

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., Singh, González, Pitt-Burke, Rosado, JJ. 

Ind. No. 4165/15 Appeal No. 1981 Case No. 2018-04326 

[*1]The People of the State of New York, Respondent,
v
Gerson Rodriguez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Order, Supreme Court, New York County (Melissa C. Jackson, J.), entered on or about January 3, 2017, as amended June 22, 2023, which adjudicated defendant a level two sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of reducing the adjudication from level two to level one, and otherwise affirmed, without costs.
The court should not have assessed 10 points under risk factor 1 for forcible compulsion. Defendant's act of thrusting his groin into the victim's back and hip did not constitute a use of physical force that was separate from the sexual contact itself (see People v Mack, 18 NY3d 929, 932 [2012]). The court's assessment of 5 points under risk factor 14 for release supervision was also improper. The People did not present clear and convincing evidence that defendant would be subject to regular supervision rather than "specialized" supervision (see People v Wilson, 33 AD3d 488, 489 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Without the improperly assessed points, defendant qualifies as a level one offender.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024